UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SEPLER & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADSOKA INC., <br><br> Defendant. | |

## COMPLAINT

### PARTIES

1. Plaintiff Sepler & Associates, Inc., is a Minnesota corporation with its principal place of business located in Hennepin County, Minnesota.

2. Defendant Adsoka Inc. is a Minnesota corporation with its principal place of business located in Hennepin County, Minnesota.

### SUBJECT MATTER JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this action's claims arising from the Anticybersquatting Consumer Protection Act ("A.C.P.A.") (Section 43(d) of the Lanham Act, as amended) pursuant to Section 43(a) of the Lanham Act.

4. The court has supplemental jurisdiction of this action's state law contract claims pursuant to 28 U.S.C. § 1367, because, in relation to the A.C.P.A. claims, they arise "from a common nucleus of operative fact."

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391 (b)(1), because both corporate parties are resident in this District, and, independently, pursuant to 28 U.S.C. § 1391 (b)(2), because the material actions and omissions occurred in this District.

**FACTS**

6. Defendant offered to the public a variety of services as part of an integrative approach to creative services, including marketing and public relations.

7. In Spring, 2010, Plaintiff contacted Defendant requesting information about its services in preparation for Plaintiff's twenty-year business anniversary.

8. Sometime later in 2010 following further conversation between the parties, Defendant sent Plaintiff a letter to which was attached several forms, including "Terms and Conditions," "Overview of Services," "Select Capabilities," and "Testimonials."

9. In the same mailing, Defendant attached a personalized form entitled "Scope of Work," which was designed "to capture the essence of our conversations and other documentation," and an "Addendum," which included a detailed description of the "key initiatives" Defendant would undertake for Plaintiff and the

associated deadlines. Together, the "Scope and Work" and "Addendum" included a budget of $4,000, to be paid in equal monthly installments of $1,000, for work that would include, among other things, the following specific deliverables:

    a)    Updating and/or retrofitting Plaintiff's corporate web site and blog;

    b)    Adding visitor analytics to the website; and

    c)    Providing promotional efforts, including publication placement efforts and direct mailing materials.

    10.    None of the forms included a stipulation that Defendant would undertake to register a new domain name for Plaintiff.

    11.    The "Addendum" included deadlines of July 31, August 31, and Labor Day 2010.

    12.    The primary agreed reason for Plaintiff's hiring of Defendant was to acknowledge Plaintiff's twentieth anniversary with a direct mail effort to Plaintiff's clients. It was understood between the parties that time was of the essence.

    13.    Plaintiff indicated acceptance of Defendant's terms by payment of fees and acceptance of initial services.

    14.    Defendant failed to perform its obligations, or performed them in a manner so deficient as not reasonably to constitute workmanlike performance, in several ways, including the following:

a) Defendant failed to create a direct mail piece to be sent to Plaintiff's clients in commemoration of Plaintiff's business anniversary.

b) Defendant failed to produce work on Plaintiff's logo design that was consistent with Plaintiff's instructions about its trade dress.

c) Defendant without authorization generated live website content with an unauthorized logo and inaccurate content that Plaintiff had expressly noted was in need of correction.

d) Defendant failed to fulfill Plaintiff's order, made on April 25, 2011, for business cards, and the order was still not filled on June 15, 2011. By the time the business cards did arrive, they contained the wrong domain name and e-mail address.

e) Defendant failed to respond to direct requests and failed to notice when a response was made by Plaintiff, thereby duplicating Plaintiff's efforts.

f) Defendant failed on multiple occasions to correct mistakes after Plaintiff raised them, including failing to adhere to the specifics of Plaintiff's established trade dress and domain name, including without limitation Plaintiff's repeated correction of the specific hue of green that Defendant incorporated into Plaintiff's material, Plaintiff's repeated revisions of Defendant's design for its business card and letterhead, and Plaintiff's re-

peated insistence on retaining its current domain name and web hosting arrangements.

15.   Defendant let months pass without initiating contact with Plaintiff.

16.   On several occasions, after receiving no communication indicating further progress on the agreement, Plaintiff through its principal took the initiative to contact Defendant.

17.   Defendant failed to reply to Plaintiff's last three attempts at contact, August 29, October 6, and November 14, 2011.

18.   Defendant accepted over $3,000 in payments without providing any finished work product to Plaintiff.

19.   After Defendant's repeated failures to perform, Plaintiff withheld payment of the last $1,000 installment.

20.   On or about October 18, 2010, Defendant registered seplerconsulting.com without Plaintiff's authorization.

21.   Plaintiff currently operates with the domain name sepler.com.

22.   Sepler Consulting is a service mark owned and used by Plaintiff.

23.   On several occasions, Plaintiff wrote to Defendant indicating disapproval of Defendant's use of seplerconsulting.com.

24.   Defendant has allowed public access to the seplerconsulting.com site, and has ignored Plaintiff's demands that it be revised or taken down.

25. On November 14, 2011, Plaintiff's principal wrote to Defendant demanding, among other things, that it transfer the login credentials and other registration information pertaining to seplerconsulting.com to Plaintiff. Defendant failed to respond in any manner.

26. On March 22, 2012, Plaintiff through counsel reiterated Plaintiff's November 2011 demands and also requested reimbursement of attorney fees incurred to date. Defendant failed to respond in any manner.

27. Defendant has not transferred the login credentials or any other registration information pertaining to seplerconsulting.com to Plaintiff.

## COUNT I

### Breach of Contract – State

28. Plaintiff reasserts paragraphs 6 through 27 above.

29. There was a valid contract demonstrated by the following, among other indicia: Defendant's personalized proposal that included specific information about the terms of its offer; Plaintiff's payment of the requested initial installment and acceptance of the benefit of Defendant's initial services.

30. Defendant's breach of contract was material.

31. There is no opportunity for Defendant to cure its failures related to the anniversary mailing, because the time—which Defendant understood to have been of essence—has passed.

32. Defendant has refused to cure, or to provide assurance that it will cure, its nonperformance as it relates to the non-time-sensitive aspects of the parties' agreement.

## COUNT II

<u>Unjust Enrichment – State</u>

33. Plaintiff reasserts paragraphs 6 through 27 above.

34. Defendant has been unjustly enriched by knowingly accepting $3,000 from Plaintiff without providing any satisfactory or finished work product.

35. Defendant's enrichment was at the expense of Plaintiff.

36. Equitable principles require restitution to Plaintiff of its payments, in addition to other legal and equitable damages as appropriate.

## COUNT III

<u>Anticybersquatting Consumer Protection Act – Federal</u>

37. Plaintiff reasserts paragraphs 6 through 27 above.

38. Defendant registered seplerconsulting.com with bad faith intent as defined in 15 U.S.C. § 1125(d)(1)(B) as demonstrated by the following:

a) Plaintiff has all cognizable rights in the phrase "Sepler Consulting" and the domain name seplerconsulting.com. Defendant has no rights in the phrase "Sepler Consulting" or the domain name seplerconsulting.com.

b)   The phrase "Sepler Consulting" and the domain name seplerconsulting.com draw upon the legal name of Plaintiff's principal, Fran A. Sepler.

c)   Plaintiff has traded on the phrase "Sepler Consulting" and the domain name seplerconsulting.com. Defendant has never, except as provided herein, traded on the phrase "Sepler Consulting" or the domain name seplerconsulting.com.

d)   Defendant has no noncommercial or fair use interest in the seplerconsulting.com domain name.

e)   Despite demands to transfer the seplerconsulting.com domain name, Defendant has intentionally persisted in keeping the site live without redirecting it to Plaintiff's authoritative web site, resulting in potential confusion for visitors, additional damages for Plaintiff, and public dilution of the value of Plaintiff's marks and the business they represent.

f) The registration of the seplerconsulting.com domain name lists only Defendant and has no reference to Plaintiff, nor in any other manner does the registration provide administrative or technical authority to Plaintiff.

g)   Sepler Consulting is the distinctive service mark of Plaintiff and is entitled to protection.

    h)    The domain name that Defendant registered, seplerconsulting.com, is identical or confusingly similar to Plaintiff's domain name and service mark.

WHEREFORE, Plaintiff demands the following relief against Defendant:

    A.  Damages for breach of contract, including without limitation Plaintiff's expectation damages and restitution of $3,000;

    B.  Recovery pursuant to 15 U.S.C. § 1117(a), including without limitation Defendant's profits, Plaintiff's damages, the costs of this action, and Plaintiff's reasonable attorney's fees;

    C.  Statutory damages pursuant to 15 U.S.C. § 1117(d), in an amount not to exceed $100,000, as the Court deems just;

    D.  Injunctive relief requiring the transfer of all rights relating to the seplerconsulting.com domain, including all access addresses, credentials, and hosting privileges from Adsoka or parties subject to Adsoka's direction to Sepler and parties subject to Sepler's direction;

    E.  Declaratory relief stating that all names, service marks, copy, logotypes, logos, and interim artwork (including but not limited to the names Sepler, Sepler & Associates, Sepler Consulting, sepler.com, seplerconsulting.com, the three-ring logo, and the use of blue and green in support of a human resources consultancy) are the property

  of Plaintiff and that no other permission, right, or license exists in Defendant or any other person or entity;

F. Additional monetary relief, civil penalties, and other remedies as required or permitted by statute or as allowable upon further motion;

G. Additional attorney fees as permitted by statute or otherwise; and

H. Such other relief as the Court deems just.

Dated:  April 2, 2012        NIERENBERG EMPLOYMENT LAW, P.L.L.C.

                Joseph B. Nierenberg
                Minn. Atty Reg. no. 0130096
                701 Fourth Avenue South, Suite 500
                Minneapolis, MN 55415-1818
                Tel. 952-826-6494
                jbn@nierenberg.com
                ATTORNEY FOR
                SEPLER & ASSOCIATES, INC.